Ursula Cortijo et al., Plaintiffs and Appellants, *v.*
Esperanza Orta, Defendant and Appellee.

No. 5600. Argued January 13, 1933.—Decided June 15, 1934.

*Pedro G. Quiñones* for appellants. *A. Agosto* for appellee.

Mr. Justice Aldrey delivered the opinion of the court.

After judgment was entered in this case dismissing the complaint on the merits, the present appeal was taken.

There is no question of law raised by the parties.

The two first assignments of error are upon the ground that the court below erred in weighing the evidence in finding that the plaintiffs consented to the contract of purchase and sale upon which this action is based, and also in finding that there was consideration for said contract. The third assignment, that the judgment is contrary to law, is a mere consequence of the other two.

The plaintiffs Ursula Cortijo and Guillermo Ramos were each owners of one quarter of a property. The other plaintiff, Andrea Clemente, is one of the daughters of José Belén Clemente, now dead, who had another quarter. The property had an area of 5,862.83 square meters. The plaintiffs did not have a recordable title, and in order to obtain it they segregated 600 meters to cover the expenses of the dominion title proceedings, reducing the area to 5,262.83 square meters. That segregation and sale does not enter into this suit. Later Ursula Cortijo, Guillermo Ramos, and José Belén Clemente executed another deed before Notary Angel R. de Jesús, whereby they sold the three-fourths of the property remaining to them to Esperanza Orta, for a price of $1,315.50, which

in the deed the vendors confessed having received prior to the execution of the instrument. Of the price $438.50 belonged to each. Esperanza Orta then sold to a third person, and this suit is for the purpose of securing damages for the loss of the property, upon the theory of the complaint that the sale should be declared void since, according to the tenth allegation, the plaintiffs never received from the defendant or from any other person the $1,315.50 mentioned in the deed of sale. The plaintiff Andrea Clemente made no sale, but his father, José Belén Clemente, was one of the vendors together with the other two plaintiffs.

The purchase was made by Cándido Fernández for Esperanza Orta, his present wife, in whose name the deed was executed. Cándido Fernández testified that some of the plaintiffs owed him money, and that after applying the price to these debts, he paid to each of them the balance of the purchase price. The plaintiffs admit that they owed money to Cándido Fernández, but deny that they sold him the property or received any money for the sale; and that the sale was simulated to avoid attachment of the property by a creditor. The notary, Mr. de Jesús testified that the vendors, to whom he read the deed, were agreeable to the sale therein contained. He also testified that he later saw some affidavits of the witnesses to the deed in which they stated that they had not signed the deed, but that their signatures on the original copy of the deed are the same as those appearing on the said affidavits, as confirmed by another attorney.

We have carefully read all of the evidence presented at the trial, and we fail to find that the court below committed the errors assigned by the appellants. This suit has some relation with the holding in the cases of *Heirs of Delgado* v. *Heirs of Villamil,* 41 P.R.R. 568, and *Puig* v. *Batista,* decided June 13, 1934 (*ante*, p. 883).

The judgment appealed from must be affirmed.